UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL RALPH NEWMAN,

Defendant.

Case No. 2:06-cr-00099-JCM-RJJ

ORDER

Presently before the court is petitioner Michael Newman's ("Newman") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 52). The government filed a response in opposition (ECF No. 66), to which Newman replied (ECF No. 54).

**I.     Facts**

On November 9, 2007, Newman pleaded guilty to: count one of the indictment for armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d); count two of the indictment for brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and count three of the indictment for carjacking in violation of 18 U.S.C § 2119. (ECF No. 42).

On February 15, 2008, the court sentenced Newman to 272 months in custody, followed by one (1) year supervised release. (ECF No. 47). Newman was advised of his rights to file an appeal.  (ECF No. 47). Newman agreed not to challenge a "finding by the probation office or the Court that he is a career offender." (ECF No. 42 at 3). The court entered judgment on March 20, 2011. (ECF No. 47).

In the instant motion, Newman moves to vacate the career offender enhancement in his

sentence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), and requests that the court set his case for *de novo* sentencing. (ECF No. 64).

## II. Legal Standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## III. Discussion

### A. The determination was made upon U.S.S.G.§ 4B1.2's threat of force and enumerated offenses clauses, and therefore *Johnson* does not apply.

The dispositive issue of the motion to vacate is whether the Supreme Court's ruling in *Johnson v. United States* renders Newman's sentence unconstitutional. This court disagrees with Newman's reading of *Johnson* for two reasons: (1) the *Johnson* ruling addressed only the residual clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), and did not address U.S.S.G.§ 4B1.2, which Newman was sentenced under; and (2) even if *Johnson* applied to U.S.S.G.§ 4B1.2, Newman was not sentenced under the residual clause that *Johnson* calls into question.

In *Johnson*, the Supreme Court found that the language in the residual clause of the ACCA was unconstitutionally vague, and therefore, "increasing a defendant's sentence under the clause denies due process of law." *Johnson*, 135 S. Ct. at 2557. The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year, that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

2

> (ii) is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another***.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The closing words emphasized above have come to be known as the ACCA's "residual clause," which the Supreme Court has found to be unconstitutional. *Johnson*, 135 S. Ct. 2555–56.

Newman contends that *Johnson* not only invalidates the above mentioned ACCA provision, but also invalidates the identically worded residual provision under the U.S.S.G. The pertinent aspect of the U.S.S.G. is worded as follows:

> (a) The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, 6 ***or otherwise involves conduct that presents a serious potential risk of physical injury to another.***

U.S.S.G. § 4B1.2 (emphasis added). Newman bases his argument that *Johnson* invalidates § 4B1.2 on (1) the fact that the government has conceded that *Johnson* applies to this statute in the past, and (2) the fact that the statutes are worded identically, and courts have therefore interpreted them in a similar matter. (ECF No. 52 at 9–12). Yet, Newman conveniently does not cite any case (binding or persuasive) in which *Johnson* has been applied to § 4B1.2.[1]

The court is unpersuaded by Newman's argument that *Johnson* applies to § 4B1.2 because the government conceded in the past that it does. This court has a duty to hear cases and arguments that are presently before it, and the arguments that the government has made in past cases have no bearing on the present case. *See Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (holding that "Federal courts may not 'decide questions that cannot affect the rights of litigants in the case before them' or give 'opinion[s] advising what the law would be upon a hypothetical

---

[1] Newman does cite to Supreme Court orders vacating judgements that were decided under U.S.S.G. § 4B1.2. However, these judgements were vacated because the opinions explicitly relied on Supreme Court decisions that were expressly overruled by *Johnson*. *See, e.g.*, *Beckles v. United States*, 135 S. Ct. 2928 (2015). None of the opinions cited hold that *Johnson* applies to sentences determined under U.S.S.G. § 4B1.2's residual clause.

state of facts'").

In its opposition, the government does not outright concede the issue of whether *Johnson* applies. Rather, the government concedes that Newman *may* be right that *Johnson* applies, but even if it does Newman was not convicted under the residual clause. (ECF No. 54 at 3). The court will address that argument below, and the court rejects Newman's argument that *Johnson* does not apply because of the government's past arguments.

The court is also unpersuaded by Newman's argument that *Johnson* must apply because the statute is identically worded to the guideline provision. The problem presented in *Johnson* was not only regarding the ambiguity in the residual provision, but was also about the severity of a *mandatory* 15-year sentence if the defendant was convicted under this provision. *See Johnson*, 135 S. Ct. at 1260 (finding that the multiple ambiguities in the residual provision coupled with the fact that sentencing under this provision would "condemn someone to prison for 15 years to life does not comport with the constitutional guarantee of due process").

Unlike the ACCA, § 4B1.2 does not impose any mandatory minimums. Rather, the residual clause under § 4B1.2 only adds to the offense level under the guidelines. The court has discretion in choosing a sentence within a recommended range, or the judge can choose to deviate upward and downward from these guidelines. Without a rigid sentencing requirement, such an ambiguity would be allowed under *Johnson*. Therefore, *Johnson* does not apply to the residual clause in § 4B1.2.

Even if *Johnson* did apply, Newman was not sentenced based on the residual clause. Rather, Newman's sentence was determined based on his past convictions of several violent felonies. (*See* ECF No. 42). The three prior counts that were used to categorize Newman as a career offender included two counts of first degree burglary and one count of federal bank robbery. (ECF No. 52 at 2). Burglary is specifically enumerated under § 4B1.2(a)(2), and first degree burglary under Oregon law comports with § 4B1.2 because it either must be a crime of violence, or it must be burglary of a dwelling. *See* Or. Rev. Stat. § 164.225. Further, robbery is a crime of violence under § 4B1.2 as it "has as an element the use, attempted use, or threatened use of physical force against the person of another." *See United States v. Wright*, 215 F.3d 1020,

4

1028 (9th Cir. 2000). The Ninth Circuit explicitly held that robbery is a crime of violence under § 4B1.2 because the elements require the use of force and violence or intimidation. *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990).

Newman argues that *United States v. Johnson*, 559 U.S. 133 (2010), overrules Ninth Circuit precedent because *Johnson* held that physical force must be "'violent force' or 'force capable of causing physical pain or injury to another person.'" (ECF No. 52 at 14–15). Newman contends that this ruling indicates that robbery is not a violent crime because a threat of force by intimidation does not conform to this definition. (ECF No. 52 at 22). Newman misreads the *Johnson*, and therefore his argument is invalid.[2]

First, like above, *Johnson* only contemplated the violent offenses clause under the ACCA and not the residual clause under § 4B1.2. Second, Newman misconstrues *Johnson* to be much narrower in scope so as to preclude intimidation as an act of violence. In *Johnson*, the Court found that "the ordinary meaning of [violent force], [. . .] [is] use of physical force against another person (or the risk of having to use such force in committing a crime), suggests a category of violent, active crimes." *Johnson*, 559 U.S. at 140 (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004)). Thus, the Ninth Circuit precedent conforms to *Johnson* because using intimidation of physical force involves "the risk of having to use such force." *See, e.g.*, *Wright*, 215 F.3d at 1028.[3]

Therefore, Newman's conviction is constitutional under the elements clause of § 4B1.2, and the court will deny Newman's motion to vacate judgement.

    **B.**    **Even if Newman succeeded under *Johnson*, his motion still fails because the plea agreement stipulates that he would not challenge a finding that he was a career criminal.**

---

[2] Even if Newman did not misread the *Johnson*, his challenge under 28 U.S.C § 2255 violates the statute of limitations as *Johnson* was decided more than a year before he filed his challenge. *See* 28 U.S.C § 2255(f)(3) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of [. . .] the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . .")

[3] Newman also tries to argue that the Supreme Court's new categorical approach, under *Descamps v. United States*, 133 S. Ct. 2276 (2013) makes 1st degree burglary under Oregon law not conform to § 4B1.2. For the reasons given in *supra* note 2, this challenge is time-barred under 28 U.S.C § 2255(f)(3) and will therefore not be considered by this court.

As mentioned above Newman signed a plea agreement, in which he agreed not to challenge a "finding by the probation office or the Court that he is a career offender." (ECF No. 42 at 3). Now, in light of *Johnson*, Newman challenges a finding by the court that he is a career offender.

A plea agreement is generally evaluated under contract law principles. *United States. v. Johnston*, 199 F.3d 1015, 1020 (9th Cir. 1999). As with traditional contracts both parties have an obligation to keep their promises. *See United States v. Lewis*, 979 F.2d 1372, 1375 (9th Cir. 1990) (holding that "both the government and the defendant are expected to comply with the terms of the plea agreement").  Thus, when the government keeps its side of the bargain, the defendant also has an obligation to keep his side of the bargain. *See United States v. Cortez-Arias*, 425 F.3d 547, 548 (9th Cir. 2005). A plea agreement can be invalidated if: (1) the agreement was not voluntarily or knowingly made, or (2) the terms of the plea agreement are ambiguous. *See United States v. Buchanan*, 59 F.3d 914, 917 (9th Cir. 1995) (finding that plea agreements must be knowingly and voluntarily made); *see also Johnston*, 199 F.3d at 1020 (explaining that if the plea agreement terms are ambiguous then they are construed against the government). A favorable change in the law is not enough to invalidate a plea bargain that was negotiated before that favorable change occurred. *Cortez-Arias*, 425 F.3d at 548 (holding that a favorable change in the law does not entitle a defendant to renege on a knowing and voluntary guilty plea).

Here, Newman does not contend that the plea agreement was not voluntarily or knowingly made, nor does Newman contend that the terms of the plea agreement are ambiguous; rather, Newman's entire legal theory rests on the favorable change in the law. (*See* ECF No. 52). Conveniently, Newman does not address the plea agreement in either his motion (ECF No. 52), nor in his reply (ECF No. 55).  And therefore, nothing indicates that the terms were not voluntary and knowingly made.

Newman unambiguously agreed not to challenge a "finding by the probation office or the Court that he is a career offender." (ECF No. 42 at 3). Further, he agreed that even if he was not found to be a career offender that a sentence of 262–327 months was reasonable and agreed not

to ask for a downward variance from that range. (ECF No. 42 at 4). However, with the favorable change in the law, Neman now challenges the career offender determination and asks for a downward variance. (ECF No. 52). A favorable change in the law is not enough to overcome the binding terms of the plea agreement. Thus, the plea agreement also bars relief under § 2255, since Newman agreed not to challenge determinations that he is now challenging.

### C. The court declines to issue a certificate of appealability.

Lastly, the court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)
>   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>       (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>       (B) the final order in a proceeding under section 2255.
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that Newman has not made the required substantial showing of the denial

of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the court declines to issue a certificate of appealability.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner Michael Newman's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 52) be, and the same hereby is, DENIED.

DATED THIS 24th day of February, 2017.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE