James C. Mahan
U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>MICHAEL NEWMAN,<br><br>Defendant(s). | Case No. 2:06-CR-99 JCM (RJJ)<br><br>ORDER |

Presently before the court is the matter of *United States of America v. Newman*, case number 2:06-cr-00099-JCM-RJJ.

The Ninth Circuit has remanded the instant case for the limited purpose of allowing the district court to consider the following issue:

> [W]hether appellant's conviction under 18 U.S.C. § 924(c) must be vacated because armed robbery does not qualify as a predicate crime of violence under either the elements/force clause or residual clause of § 924(c)(3).

(ECF No. 60 at 1).

The district court answers this issue in the negative. Appellant's conviction under § 924(c) is proper because armed robbery qualifies as a predicate crime of violence under both the elements/force clause and the residual clause of § 924(c)(3). Title 18 U.S.C. § 924(c)(3) provides as follows:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

1         (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

In the plea memorandum, appellant stipulated that the essential elements for the crime of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) are as follows:

    1. The defendant took money belonging to a financial institution;
    2. The defendant used force, violence, or intimidation in doing so;
    3. The deposits of the financial institution were then insured by the Federal Deposit Insurance Corporation (FDIC); and
    4. The defendant intentionally made a display of force that would cause reasonable fear of bodily harm by using a firearm.

(ECF No. 42 at 8). Appellant further stipulated that the essential elements for the crime of brandishing a firearm in a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) are as follows:

    1. The defendant committed the crimes [*sic*] of Armed Bank Robbery as charged in count one of the Indictment;
    2. The defendant knowingly used and brandished the firearm; and
    3. The defendant brandished the firearm in [*sic*] during and in relation to crimes of violence.

(ECF No. 42 at 9).[1]

In light of the stipulated elements set forth in the plea memorandum and the definition of "crime of violence" set forth in § 924(c)(3), the court finds that appellant's conviction under § 924(c) is proper because armed robbery qualifies as a predicate crime of violence under both the elements/force clause and the residual clause of § 924(c)(3).

. . .

. . .

. . .

---

[1] The plea agreement also provides the following:

    Defendant understands that by pleading guilty to Count Two of the Criminal Indictment, which charges him with Brandishing a Firearm in a Crime of Violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii), he will serve a mandatory sentence of eighty four (84) months imprisonment consecutive to any term of imprisonment imposed pursuant to the above-referenced guideline calculations.

(ECF No. 42 at 3).

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED that the court answers the Ninth Circuit's remanded issue in the negative, consistent with the foregoing.

DATED June 1, 2017.

_____
UNITED STATES DISTRICT JUDGE